UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DIANE AND CHARLIE ROHR, ET AL.        CIVIL ACTION

VERSUS                                 NO. 06-10511

METROPOLITAN INSURANCE            SECTION "F"
& CASUALTY COMPANY

ORDER AND REASONS

Before the Court is the defendant's motion to sever and proceed separately. For the reasons that follow, the motion is GRANTED.

Background

Each plaintiff owns real property in St. Bernard Parish, Louisiana and holds an insurance policy issued by Metropolitan Property & Casualty Insurance Company. The plaintiffs each allege damage to their property caused by Hurricane Katrina's landfall on August 29, 2005. They filed proofs of loss with Metropolitan, but were unable to resolve their claims. The plaintiffs did not have properties of equal value and of equal condition before Hurricane Katrina, do not have identical insurance policies, did not suffer identical property damage, and did not share the same adjustor. In addition, the plaintiffs' properties are in different parts of St. Bernard Parish.

On August 29, 2006, the plaintiffs filed a complaint in

1

Louisiana state court alleging that Metropolitan is liable for the plaintiffs' property damage, failed to timely initiate loss adjustments for their claims, and has acted in bad faith in denying their claims.  Metropolitan removed the lawsuit on November 20, 2006, invoking this Court's diversity jurisdiction.

Metropolitan now seeks severance under Rule 21 of the Federal Rules of Civil Procedure.

I.

A.  Rule 20(a)

Rule 20(a) of the Federal Rules of Civil Procedure sets forth the requirements for permissive joinder of parties:  "All persons may join in one action as plaintiffs [1] if they assert any right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and [2] if any question of law or fact common to all these persons will arise in the action."  "'Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a).'"  Johnson v. State Farm Fire & Cas., Co., No. 06-6248, 2006 WL 3714228, at *2 (E.D. La. Nov. 28, 2006) (Duval, J.) (quoting Wright, Miller & Kane, Federal Practice & Procedure, § 1653 (1986)).  District courts should generally employ a liberal approach to permissive joinder of claims to ensure fairness and promote judicial economy.  See United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).

The transaction and common question requirements "are not rigid tests."  Wright, et al., _supra_, at § 1653.  To determine "'whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued.'"  <u>Demboski v. CSX Transp., Inc.</u>, 157 F.R.D. 28, 29 (S.D. Miss. 1994) (quoting <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1130, 1333 (8th Cir. 1974)).

### B.   Rule 21

Federal Rule of Civil Procedure 21 provides that "[a]_ny_ claim against a party may be severed and proceeded with separately." (emphasis added).  This Court "has broad discretion to sever issues to be tried before it."  <u>Burnet v. United Gas Pipeline Co.</u>, 15 F.3d 500, 505 (5th Cir. 1994); <u>see also</u> <u>Anderson v. Red River Waterway Comm'n</u>, 231 F.3d 211, 214 (5th Cir. 2000) (same).  A Rule 21 severance creates two (or more) distinct actions or suits where there was previously only one.  <u>United States v. O'Neil</u>, 709 F.2d 361, 368 (5th Cir. 1983).

A district court is not limited under Rule 21 to remedying misjoinder; its discretion "is not so limited."  <u>Id.</u> at 369.  In addition to remedying misjoinder, the Court also enjoys discretion to sever an action that might cause delay or prejudice to a party. <u>Applewhite v. Reichhold Chems.</u>, 67 F.3d 571, 574 (5th Cir. 1995).

To determine whether claims should be severed, a court may consider the following factors: (1) whether the claims arose out of

3

the same transaction or occurrence, (2) whether the claims present common questions of law or fact, (3) whether settlement or judicial economy would be promoted, (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims.  See Vaz v. Allstate Prop. & Cas. Co., No. 1:06CV481-LTS-RHW, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006) (citing Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (S.D.N.Y. 1999)).  A court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined.  See Pittman v. Purdue Pharma Co., No. 3:03CV152(BN), 2004 U.S. Dist. LEXIS 9840, at *15 (S.D. Miss. Mar. 12, 2004).

II.

A.

Metropolitan claims that the plaintiffs fail to satisfy the two permissive-joinder requirements of Rule 20(a).  First, Metropolitan implies that there are no questions of fact common to all the plaintiffs because each plaintiff owns real property in a different part of St. Bernard Parish, and these properties varied in condition before Hurricane Katrina and sustained different amounts and types of damage after the hurricane.  In addition, the insurance policies are not identical, nor did the plaintiffs share the same adjustor.  Second, Metropolitan claims that because each of the insurance policies was executed separately and because each

4

plaintiff's property suffered unique damage, there is no common transaction or occurrence.  The plaintiffs, on the other hand, assert that the effects of Hurricane Katrina form the basis of a common occurrence.

The second prong of Rule 20(a) is disjunctive; the plaintiffs' claims need only have <u>any</u> question of law <u>or</u> fact in common.  But even assuming that there is a common question of law among the plaintiffs' claims[1] that would satisfy the second requirement of Rule 20(a), the plaintiffs have failed to satisfy the initial requirement of a common transaction or occurrence. Metropolitan's position has much support in recent court decisions from the Southern District of Mississippi, which, like this Court, is in the process of adjudicating Hurricane Katrina-related claims.  In <u>Comer v. Nationwide Mutual Insurance Co.</u>, for example, the plaintiffs sought leave to file a second amended complaint, requesting the court certify defendant classes under Rule 23 of the Federal Rules of Civil Procedure.  No. 1:05CV436-LTD-RHW, 2006 WL 1066645, at *1 (S.D. Miss. Feb. 23, 2006).  In denying the motion, Judge Senter wrote:

> 1.  Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated.  No two property owners will have experienced the same losses.  The nature and extent of the property damage the owners sustain from the

---

[1] The plaintiffs each assert claims under La. R.S. 22:658, 22:695, and 22:1220.

> common cause, Hurricane Katrina, will vary
> greatly in its particulars, depending on the
> location and condition of the property before
> the storm struck and depending also on what
> combination of forces caused the damage.
> Thus, at least with respect to the issue of
> damages, each individual claim will require
> particular evidence to establish the cause of
> and the extent of the loss.
> 2.  To the extent the property was insured,
> the particulars of coverage will vary from
> policy to policy . . . .  In order to
> adjudicate the rights and liabilities between
> the policy holder and his insurance company,
> the particular terms of each policy must be
> considered.

Id. at *2.  Similarly, in another case involving "hundreds of
Plaintiffs [who were] joined in a single lawsuit, each asserting
claims that ar[ose] out of damage to property caused by Hurricane
Katrina," the court concluded that

> the Plaintiffs should be required to file
> separate complaints.  Although there may be
> some common issues of law and fact, the Court
> finds that the Plaintiffs have not met the
> same transaction or occurrence prong of Rule
> 20(a).  In a superficial sense, the hurricane
> was a common occurrence; however, the storm
> was vastly different in its effect depending
> on the specific geographic location of each
> particular home.  Although Plaintiffs each
> held basically the same standard homeowner's
> policy, each insurance contract is a separate
> transaction.

Bradley v. Nationwide Mut. Ins. Co., No. 1:06CV528-LTS-RHW, 2006 WL
2594548, at *1 (S.D. Miss. Sept. 6, 2006); McFarland v. State Farm
Fire & Cas. Co., No. 1:06CV466-LTS-RHW, 2006 WL 2577852, at * 1
(S.D. Miss. Sept. 6, 2006); Vaz v. Allstate Prop. & Cas. Co., No.
1:06CV481-LTS-RHW, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6,

2006).[2]

This Court is persuaded by the reasoning of Comer and Bradley and concludes that the plaintiffs have failed to satisfy Rule 20(a)'s common transaction or occurrence requirement for permissive joinder.  While each plaintiff's claims stem in some way from Hurricane Katrina, the hurricane can be considered no more than a common question of fact.  It alone cannot serve as a common transaction or occurrence because the effects of the hurricane were unevenly felt, leaving each property owner in a unique situation based on the prior condition of the property owner's home, the previously negotiated insurance policy, and the immediate effects of the hurricane in that particular geographic area.

                                    B.

     Moreover, severance is also warranted in this instance under Rule 21 because a consolidated trial will result in undue prejudice to Metropolitan.  Any practical benefits accrued through the

---

     [2] The situation before this Court is distinguishable from Johnson v. State Farm Fire & Casualty, Co., where that Section of this Court considered a motion to remand.  No. 06-6248, 2006 WL 3714228, at *1 (E.D. La. Nov. 28, 2006) (Duval, J.).  In Johnson, the joinder in question dealt with defendants, not plaintiffs, as is the case here.  See id. at *2.  The Johnson court noted that the "insurance contract[] is common among the parties . . . . [And] the common issues involve the allocation of damages among the parties [the insurer and the agent who sold the policy to the plaintiffs], and it could potentially lead to inconsistent results to allocate fault to litigate these claims in separate proceedings."  Id.  Here, however, the plaintiffs do not hold identical insurance policies, and there is only one defendant, eliminating the allocation-of-damages problem in Johnson.

conservation of judicial resources are likely to be outweighed by the burden imposed on Metropolitan in defending multiple claims, with different factual scenarios, in one trial.  As Judge Senter noted in <u>Comer</u>, each owner of property damaged by Hurricane Katrina is "uniquely situated."  2006 WL 1066645, at *2.  As a result, each plaintiff will need to prove the particulars of his or her insurance policy, the condition of the property before the hurricane struck, the cause of the damage (which may vary according to the location of the property), and the extent of the damage.

Accordingly, the motion to sever is GRANTED.

New Orleans, Louisiana, January 17, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE